WRIGHT, J.
The case made in proof before us is this. Dr. James Myer, in 1819, died intestate in Illinois, leaving a daughter, now Mrs. Mason, then nineteen years old, and the defendant, then fourteen years old, his children and sole heirs-at-law. Before Dr. Myer died, he requested that his children should return to Philadelphia. Administration was taken out on his estate, and the administrators furnished the children with a horse, a small wagon and funds, took the receipt of the girl for the amount, and started them for Philadelphia. The whole money and morej with the proceeds of the horse and wagon, were expended by the sister in their journey and for their expenses in Philadelphia, and in subsisting the brother while getting a trade, of which no particular accounts have been kept.
In 1820, the administrators settled with the probate court in Illinois. They charged the advance to the children as an Ordinary *663 ■disbursement of assets. A balance was found in their hands for distribution of $677.87, which they were ordered to distribute.
After the sister had married and the brother had attained to his majority, he went to Illinois to effect a settlement with the administrators. One of them had become insolvent — the other made some objections to pay and claimed allowances not admittedby the probate court-A lawyer was employed to effect the settlement. He entered into a project of a settlement and distribution of the estate, allowing to the complainants $186.42 and to the defendant $491.39 in the distribution, and giving the administrators the allowances rejected by the probate court. The brother returned to Ohio with this project •of a settlement, and submitted it to the complainants to sanction in ■order to its execution, and induced the complainants to assent to it, under the impression it had been sanctioned by the court in Illinois* *and they were bound to do so, the defendant keeping them [642 ignorant of the true state of the case. The lawyer was empowered to execute the agreement and take the obligations of the administrator to each heir separately for his share of the estate. Upon •this agreement the probate court in Illinois were induced to make •an order for the distribution of the estate on that basis. There are strong circumstances conducing to the opinion there was collu•.sion between the defendant and the lawyer to prejudice the complainants. An order in the shape of a writ was Obtained from the probate court for the unequal distribution of the estate as aforesaid, notwithstanding the first order of distribution remains in force unreversed, and without its appearing that any application was made for such order, or any complaint made as to the first order, or any notice given to the parties in interest. A mere gratuitous order, without parties, or notice, or complaint, varying and vacating a former regular decision of the court! It is not made to appear how this order was obtained — though it is made the predicate •of the defendant’s claim on his father’s estáte and of the settlement with his sister. The lawyer when called oil declines acting for the sister, because he was attorney for her brothef ! We cannot believe such an order valid. Certainly not while Unexplained. The defendant sets it,Up ás the settlement by the c'outt, and conclusive as to the rights of the parties until reversed. If the Ord'er was obtained by the attorney, he was employed by the brother, acting for himself and as an agent for his sister. In that capacity he will not in this court be permitted to avail himself of any advantage obtained while acting as trustee — and the settlement made upon the •exhibition of papers so obtained will not be held as concluding the *664 parties. Something is wrong in this transaction. The division is? probably unjust — the agent having the advantage is obnoxious to-the suspicion of practising a fraud, and his conduct will be scrutinized. The circumstances are of sufficient strength to induce a, chancellor to examine fully in order to do justice. Equality in this-matter is equity. It is not to be tolerated that the brother, who has been reared and assisted by the sister out of her individual earnings through his minority, shall by virtue of the confidence reposed in him, acquire the knowledge and means of appropriating the greater portion of their joint estate to his own use by the aid of this court. We shall send the cause to a master to inquire fully into these matters. The case is very inartificially set forth on the. papers, and the complainants may amend their bill and the defendant his answer. Continued for report.